UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| Dawnna M. Dukes, | § | |
| v. | § | Case No. 1:22-cv-413 |
| NewRez LLC dba Shellpoint Mortgage | § | |
| Servicing, et al. | § | |

## SHELLPOINT'S REMOVAL NOTICE

NewRez LLC dba Shellpoint Mortgage Servicing (**Shellpoint**) removes the action Dawnna M. Dukes filed in state court pursuant to 28 USC §§ 1332 and 1441 as follows:

### I.     STATEMENT OF THE CASE

1.     On April 5, 2022, Ms. Dukes filed suit in the 261st district court of Travis County, Texas in the case styled *Dawnna M. Dukes v. NewRez LLC dba Shellpoint Mortgage Servicing, et al.* and assigned case D-1-GN-22-001577.  (orig. pet., **ex. 1**.)  She sues to enjoin a scheduled April 5, 2022 trustee sale of the property located at 1103 Rutgers Drive, Pflugerville, Texas 78660. (*Id.* at p. 3.)  She claims Shellpoint posted her property for sale without providing her notice of default, an opportunity to cure, and improperly accelerated the note.  (*See Id.*)  Basing on this allegation, Ms. Dukes claims Shellpoint breached the deed of trust (*Id.*)  She seeks monetary relief of not more than $250,000, a temporary restraining order, a temporary injunction enjoining Shellpoint from selling the property, and costs of suit.  (*Id.* at wherefore para. at ¶¶ 1-5.)

### II.     BASIS FOR DIVERSITY JURISDICTION

2.     The court may exercise diversity jurisdiction pursuant to 28 USC § 1332(a) because the real parties in interest are completely diverse and the amount in controversy exceeds $75,000. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).

**A.     The real parties in interest are citizens of different states**.

   **(i)     Ms. Dukes and Shellpoint are citizens of different states**.

3.      Ms. Dukes is a Texas citizen. Individuals are citizens of the state in which they are domiciled. *Preston v. Tenet Healthsystem Mem'l Med. Ctr.*, 485 F.3d 793, 797-98 (5th Cir. 2007). Ms. Dukes pleads she resides in Travis County, Texas. (orig. pet. at p. 2, **ex. 1**.) Her petition evidences no intent to leave the state. *See Preston*, 485 F.3d at 797-98 ("A person's state of domicile presumptively continues unless rebutted with sufficient evidence of change.")

4.      Shellpoint is a Delaware and New York citizen. Shellpoint Mortgage Servicing is an assumed name of NewRez LLC, a Delaware limited liability company. The citizenship of a limited liability company is determined by the citizenship of each of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). NewRez LLC has one member, Shellpoint Partners LLC. Shellpoint Partners LLC has two members, NRM Acquisition LLC and NRM Acquisition II LLC. NRM Acquisition LLC and NRM Acquisition II LLC each have one member: New Residential Mortgage LLC. New Residential Mortgage LLC has one member, New Residential Investment Corp. A corporation is a citizen of the state in which it is incorporated and the state it maintains its principal place of business. 28 USC § 1332(c); *MidCap Media Fin. LLC v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019). New Residential Investment Corp. is a Delaware corporation with its principal place of business in New York. *White v. NewRez LLC*, No. CV RDB-20-1259, 2020 WL 4748539, at *5 n.3 (D. Md. Aug. 17, 2020).

(**ii**)    **The substitute trustees' citizenships should be disregarded**.

5.      Ms. Dukes' petition names a laundry list of substitute trustees identified in a notice setting a April 5, 2022 foreclosure sale:

> David Ackel, Travis Kaddatz, Sara Edgington, Colette Mayers, Thomas Gilbraith, C. Jason Spence, Aarti Patel, Dylan Ruiz, Violate Nunez, Shawn Schiller, Ramiro Cuevas, Cary Corenblum, Joshua Sanders, Allena Litton, Matthew Hansen, Auction.com whose address is 1 Mauchly Irving, CA 92618 or Angela Zavala, Michelle Jones,

      Richard Zavala, Jr. or Sharlet Watts whose address is 14800 Landmark Blvd., Suite 850, Dallas, TX 75254.

(orig. pet. at p. 1-3, **ex. 1**.)

6.    Even if each person identified above were a citizen of Texas, their presence does not destroy diversity jurisdiction because they are nominal parties and improperly joined.

7.    A nominal party's citizenship is disregarded in determining whether complete diversity exists; only real and substantial parties are considered. *Navarro Savs. Ass'n v. Lee*, 446 U.S. 458, 460-61 (1980); *see also Corfield v. Dall. Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) ("[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy.")  A party is "nominal" if in its absence, the court could "enter a final judgment consistent with equity and good conscience, which would not be in any way unfair or inequitable." *Acosta v. Master Maint. & Constr. Inc.*, 452 F.3d 373, 379 (5th Cir. 2006).  A removing defendant meets its burden to show a non-removing defendant is a nominal party by showing "there is no possibility that the plaintiff would be able to establish a cause of action against the non-removing defendant[] in state court." *Farias v. Bexar Cty. Bd. of Trs.*, 925 F.2d 866, 871 (5th Cir. 1991).

8.    A "plaintiff's joinder of formal or unnecessary parties cannot defeat diversity jurisdiction and prevent removal." *Marsh v. Wells Fargo Bank, N.A.*, 760 F. Supp. 2d 701, 710 (N.D. Tex. 2011) (finding no reasonable basis for predicting the plaintiff's claims against the substitute trustees would be successful in state court because only the rights of the banks were in dispute); *see also Eisenberg v. Deutsche Bank Tr. Co. Ams.*, No. SA-11-CV-384-XR, 2011 WL 2636135, at *4 (W.D. Tex. July 5, 2011) (finding substitute trustees named solely in that capacity were nominal parties to a suit to enjoin foreclosure, and noting section 51.007(e) of the Texas Property Code expressly provides dismissal of trustees does not prejudice a plaintiff's right to seek injunctive relief).

9. The substitute trustees are nominal parties in this case. Ms. Dukes neither alleges the substitute trustees committed any act or omission upon which a claim of damages may be maintained, nor that the substitute trustees have, or claims to have, any interest in the note, security instrument, or property which will be affected by the injunctive relief she requests. (orig. pet. at p. 3-10, **ex. 1**.) "Texas law recognizes that a trustee named solely in his or her capacity as trustee under a deed of trust or security instrument is not a necessary party in a suit to prevent a foreclosure." *Zavala v. M & T Tr. Co.*, No. SA-11-CV-956-XR, 2011 WL 6739614, at *2 (W.D. Tex. Dec. 22, 2011). Because the substitute trustees are nominal parties, their presence in this suit cannot defeat diversity. *See Corfield*, 355 F.3d at 857 ("[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy.")

10. Even if the court determines the substitute trustees are more than a nominal party, their citizenship should be disregarded because they are improperly joined. Improper joinder's analysis is akin to the nominal party test and met where a removing defendant demonstrates the plaintiff's inability to establish a cause of action against the non-diverse defendant in state court. *Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006). To make that determination, "[t]he court may conduct a [Federal Rule of Civil Procedure] 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004); *see McDonal v. Abbott Labs.*, 408 F.3d 177, 183 n.6 (5th Cir. 2005) ("A district court should ordinarily resolve [claims of] improper joinder by conducting a Rule 12(b)(6)-type analysis").

11. A defendant establishes improper joinder by showing there is no reasonable basis for predicting the plaintiff might be able to recover against a non-diverse defendant. *Smallwood*, 385 F.3d at 573. This showing is made either when the plaintiff's recovery against the non-diverse

defendant is barred as a matter of law, or when the plaintiff would not produce sufficient evidence to sustain a finding necessary to recover against the non-diverse defendant. *See Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 545 (5th Cir. 2004). The required "reasonable basis" exists only if there is a "factual fit between the plaintiff['s] allegations and the pleaded theory of recovery." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999). A "reasonable basis" is not a merely hypothetical one. *Id.*

12. The Property Code provides a substitute trustee qualified immunity for any error made in good faith reliance upon information provided by the mortgagee or the mortgagee's agents or attorneys. Tex. Prop. Code § 51.007(f). To state a claim against the substitute trustees, Ms. Dukes must plead substantive facts alleging a bad faith claim against them. *See Rojas v. Wells Fargo Bank, N.A.*, 571 F. App'x 274, 277 (5th Cir. 2014) (per curiam) (holding the plaintiff had no reasonable basis for recovery against the substitute trustee because she did "not provide any allegations that [the substitute trustee] was acting in bad faith."); *see also R & L Inv. Prop., LLC v. Green*, No. 3:12-CV-4171-O, 2014 WL 1807618, at *8 (N.D. Tex. May 6, 2014) ("[C]ourts have generally held that Section 51.007(f) imposes a substantive pleading element on a plaintiff that requires a plaintiff to allege bad faith on the part of the trustee.")

13. Ms. Dukes does not identify any facts capable of supporting a conclusion she might be able to recover against the substitute trustees. (orig. pet. at p. 3-10, **ex. 1**.) Upon information and belief, Ms. Dukes did not serve the substitute trustees with the original petition and the court's records reflect no returns to the substitute trustees on file. (state court docket, **ex. 4**.) The only vague and conclusory facts she alleges within the petition fail to attribute any acts, omissions or other wrongful conduct to the substitute trustees to prevail on any cause of action or obtain any relief. (orig. pet. at

p. 3-10, **ex. 1**.) There is no plausible basis to conclude Ms. Dukes can recover on any claim against any of the substitute trustees identified in her petition.

**B.      The amount in controversy exceeds $75,000.**

14.     To determine the amount in controversy, courts ordinarily look to the plaintiff's state court petition. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). When a defendant removes on the basis of diversity jurisdiction, the amount in controversy may be established by the specific "good faith" sum demanded by the plaintiff in its state court petition. 28 USC § 1446(c)(2). If the plaintiff claims a specific amount in the complaint, the amount stated "is itself dispositive of jurisdiction if the claim is apparently made in good faith." *Rosa Bernal v. All State Vehicle and Property Ins.*, No. 7:22-cv-00015, 2022 1028086, at *2 (S.D. Tex. Apr. 6, 2022). In her petition, Ms. Dukes "seeks monetary relief of $250,000 or less and non-monetary relief." (orig. pet. at p. 2, **ex. 1**.) The amount in controversy is satisfied.

15.     As an alternative, "[i]n actions seeking declaratory or injunctive relief the amount in controversy is measured by the value of the object of the litigation." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983). Ms. Dukes sues to temporarily and permanently enjoin Shellpoint from exercising its right to foreclose its lien against the property. (orig. pet. at p. 9-10, **ex. 1**.) The object of this litigation is the property at 1103 Rutgers Drive, Pflugerville, Texas 78660 which is valued at $371,372 by the Travis County Appraisal District. (appraisal dist. report, **ex. 7**); *see e.g.*, *Hernandez v. Residential Accredit Loans Inc., Mortg. Asset-Backed Pass-Through Certificates, Series 2007-QS3*, No. H-18-0724, 2018 WL 4033785, *3 (S.D. Tex. Aug. 23, 2018) (citing appraisal district report as evidence, held "[b]ecause plaintiffs . . . seek a declaration that the lien is void, and because the current market value of the property is $290,091.19 the amount in controversy exceeds the jurisdictional minimum of $75,000."). The amount in controversy exceeds $75,000, and the court may exercise diversity jurisdiction.

### III. PROCEDURAL REQUIREMENTS SATISFIED

16. Removal is timely under 28 USC § 1446(b) because it is being filed within thirty days of defendant's receipt of the petition, through service or otherwise. The substitute trustees' consent are not necessary to remove because they are not real parties in interest and, even if they were, they have not been sued. *See Eisenberg*, 2011 WL 2636135, at *2 ("Nominal parties are not required to consent to removal under the unanimity rule") (citing *Acosta*, 452 F.3d at 379)). Venue is proper in this court because the United States District Court for the Western District of Texas embraces the place in which the state court action was pending. 28 USC § 1441(a). Notice has been sent to the state court regarding this removal. Pursuant to section 1446(a), a true and correct copy of all of the process, pleadings, and orders on file in the state court action are attached as exhibits 1-7.

### IV. CONCLUSION

The parties are completely diverse and the amount in controversy exceeds $75,000. This court may exercise diversity jurisdiction over this action.

Date: May 2, 2022

Respectfully submitted,

*s/ Walter McInnis*
C. Charles Townsend, SBN: 24028053
So. Dist. Bar No. 1018722
charles.townsend@akerman.com
Walter McInnis, SBN: 24046394
So. Dist. Bar No. 588724
  --Attorney in charge
walter.mcinnis@akerman.com
AKERMAN LLP
2001 Ross Ave., Ste. 3600
Dallas, Texas 75201
Telephone: 214.720.4300
Facsimile: 214.981.9339

**ATTORNEYS FOR SHELLPOINT**

## CERTIFICATE OF SERVICE

   A true and correct copy of this document was served on May 2, 2022 as follows:

**VIA CM/ECF AND CERTIFIED MAIL / RRR**
**NO. 9414 7266 9904 2186 4865 36**
Stephen A. Mitchell, smitchell@stevemitcehll-law.com
4408 Spicewood Springs Road, Austin, Texas 78759
Telephone: 512.750.6961, Facsimile: 512.692.2836
*Plaintiff's Counsel*

                 */s/ Walter McInnis*
                 Walter McInnis