IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DAWNA M. DUKES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:22-CV-413-RP |
| | § | |
| NEWREZ LLC *d/b/a* SHELLPOINT | § | |
| MORTGAGE SERVICING, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court is Defendant NewRez LLC *d/b/a* Shellpoint's ("Shellpoint") Motion for Summary Judgment. (Dkt. 18). Plaintiff Dawna M. Dukes ("Dukes") has not filed a response. Although the dispositive motion is unopposed, summary judgment is not automatic, and the Court must determine whether Shellpoint has shown entitlement to judgment as a matter of law. *See, e.g.*, *Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006); Fed. R. Civ. P. 56(a). Having considered Shellpoint's motion, the record, and the relevant law, the Court finds that the motion should be granted.

### I. BACKGROUND

This is an action arising from the nonjudicial foreclosure of Dukes's residential property by Shellpoint, the current servicer of the mortgage on Dukes's property. (Compl., Dkt. 1-2). Dukes filed her original petition on April 5, 2022, sin the 261st District Court in Travis County, Texas. (*Id.*). In her complaint, Dukes alleges that Shellpoint unlawfully posted the property for a trustee's sale without first satisfying the notice requirements (a) under §22 of the deed of trust for acceleration and invocation of the power of sale, and (b) under Texas Property Code, §52.002(d) to give notice

1

of sale of real property used as the debtor's residence. (*Id.* at 3). Dukes seeks monetary, injunctive, and declaratory relief. (*Id.* at 9-10).

Shellpoint filed its motion for summary judgment on March 24, 2023. (Dkt. 18). On April 21, 2023, this Court ordered Dukes to file a response to Shellpoint's motion on or before May 4, 2023. (Order, Dkt. 19). As of the date of this order, Dukes has not filed a response.

## II. LEGAL STANDARDS

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986). "A fact issue is 'material' if its resolution could affect the outcome of the action." *Poole v. City of Shreveport*, 691 F.3d 624, 627 (5th Cir. 2012).

If the burden at trial rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant does so, the burden shifts to the nonmoving party to establish the existence of a genuine issue for trial. *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 335 (5th Cir. 2017). After the nonmovant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted. *Miss. River Basin All. v. Westphal,* 230 F.3d 170, 175 (5th Cir. 2000). The nonmovant must "identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim." *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (citation omitted).

In responding to a motion for summary judgment, the nonmoving party cannot rest on the mere allegations of its pleadings. *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010); *see also Larry*

*v. White*, 929 F.2d 206, 211 n.12 (5th Cir. 1991) ("Unsworn pleadings, memoranda, or the like are not, of course, competent summary judgment evidence."). Dukes did not respond to Shellpoint's motion for summary judgment. Despite her failure to respond, however, the Court may not automatically grant summary judgment without assuring that no material fact issues exist. Fed. R. Civ. P. 56(e) advisory committee's note; *Eversley v. MBank of Dall.*, 843 F.2d 172, 174 (5th Cir. 1988). If the moving party fails to meet its initial burden, the court must deny the motion for summary judgment even if there is no response. *Baton Rouge Oil & Chem. Workers Union v. ExxonMobil Corp.*, 289 F.3d 373, 375 (5th Cir. 2002). However, when no response is filed to a motion for summary judgment, the Court may take the movant's uncontroverted factual assertions as true. *Eversley*, 843 F.2d at 174.

### III. DISCUSSION

When a party fails to address another's fact assertions, the Court may give the party another opportunity to do so. Fed. R. Civ. P. 56(e)(1). The Court gave Dukes such an opportunity when it gave her additional time to respond to Shellpoint's motion. (Order, Dkt. 19). Accordingly, the Court will consider Shellpoint's facts to be undisputed. Fed. R. Civ. P. 56(e)(2).

#### A. Facts

On December 27, 2002, Dukes borrowed $222,400.00 from Bank of America to refinance her purchase of the property at 1103 Rutgers Drive, Pflugerville, Texas 78660. (Mot. Summ. J., Dkt. 18-1). She executed a note promising to repay the loan, plus interest, and a deed of trust granting a lien against the property. (*Id.* at 2).

In 2017, Dukes fell into default. (*Id.*). The loan servicer at the time, Ditech Financial LLC ("Ditech"), sent Dukes notice of default providing the amount to cure the default and a warning of acceleration and foreclosure if the default was not cured by May 9, 2017. (*Id.*). Dukes did not cure the default. (*Id.*). In 2019, Shellpoint took over servicing from Ditech as substitute trustee. (*Id.*).

3

On February 18, 2022, almost five years after the notice of default was sent, Dukes was served with notice that the loan was accelerated, and the property would be sold at a foreclosure sale on April 5, 2022. (*Id.*). On the day of the foreclosure sale, Dukes filed her original petition in the 261st District Court of Travis County, Texas. (*Id.*). Shellpoint proceeded with the foreclosure sale as scheduled, and the property was sold to JRMV Property Investments, LLC and MNS Performance Management, LLC. (*Id.*). However, after becoming aware of Dukes's lawsuit, the third-party purchasers requested and received a refund of their purchase funds. (*Id.*). No foreclosure deed was recorded, and Shellpoint has presented evidence of the refunded purchase.

### B. Mootness

Shellpoint argues that Dukes's claims are moot because the foreclosure sale was unwound, all funds were returned to the purchasers, and no foreclosure deed was recorded. (Mot. Summ. J., Dkt. 18, at 4). To demonstrate Article III standing, a plaintiff must "(1) have suffered an injury in fact, (2) that is fairly traceable to the challenged action of the defendant, and (3) that will likely be redressed by a favorable decision." *Speech First, Inc. v. Fenves*, 979 F.3d 319, 330 (5th Cir. 2020) (citing *Lujan v. Def's. of Wildlife*, 504 U.S. 555, 560–61 (1992), *as revised* (Oct. 30, 2020)). However, if subsequent developments render the court unable to grant the litigant "any effectual relief whatever," the case is moot. *Dierlam v. Trump*, 977 F.3d 471, 476 (5th Cir. 2020), *cert. denied sub nom. Dierlam v. Biden*, 141 S. Ct. 1392 (2021). Furthermore, the Court may only rule on controversies that "can presently be litigated and decided and not . . . based upon the possibility of a factual situation that may never develop." *Rowan Companies, Inc. v. Griffin*, 876 F.2d 26, 28 (5th Cir. 1989).

Shellpoint maintains that there is no justiciable controversy because the foreclosure sale was "unwound"; it essentially never occurred. (Mot. Summ. J., Dkt 18, at 4). In support of this, Shellpoint presents evidence that the foreclosure purchasers were refunded and that Dukes remains the title owner of the property. (Morgan Decl., Dkt. 18-1, at 68–69; Return Confirmation, Dkt. 18-1,

4

at 71–73). Shellpoint believes that this moots Dukes's action. (*Id.*). For the following reasons, the Court agrees.

According to section § 51.002 of the Texas Property Code, a mortgage servicer must serve a debtor in default with written notice by certified mail stating that the debtor is in default under the deed of trust and giving him at least twenty days to cure the default before notice of sale can be given. Notice of the foreclosure sale must be given at least twenty-one days before the date of sale by serving written notice of the sale by certified mail on each debtor who is obligated to pay the debt. *Id.* Neither the Fifth Circuit nor the Texas Supreme Court have decided whether a private cause of action exists under § 51.002, but Courts have generally treated such claims as wrongful foreclosure claims. *Villareal v. Ocwen Loan Servicing, LLC*, No. 2:18-CV-10-AM/CW, 2019 WL 4998694, at *5 (W.D. Tex. Sep. 25, 2019). The Northern District of Texas has found that the lack of a foreclosure sale is fatal to a claim alleging a violation of §51.002 of the Texas Property Code because Texas does not recognize a cause of action for attempted wrongful foreclosure. (Mot. Summ. J., Dkt. 18, at 5); *Adams v. U.S. Bank, N.A.*, No. 3:17-CV-723-B, 2017 WL 10296307, *4 (N.D. Tex. Dec. 4, 2017), *rec. adopted*, 2018 WL 4621770 (N.D. Tex. Jan. 3, 2018). Given Shellpoint's uncontested evidence that there was no wrongful foreclosure, the Court sees no reason to depart from our sister court's position. Accordingly, the Court finds that Dukes's § 51.002 claim is moot.

For similar reasons, the Court also finds that Duke's claim under §22 of the deed of trust for acceleration and invocation of the power of sale is moot. Other courts have found that the alleged failure to provide notice required by deed of trust and property code is moot when no sale has occurred. *See e.g., Johnson v. JPMorgan Chase Bank, N.A.*, No. 4:12-CV-285, 2013 WL 2554415, *9 (E.D. Tex. June. 7, 2013), *aff'd sub nom.*, 570 Fed. Appx. 404 (5th Cir. 2014). Given that Shellpoint's arguments are uncontested, the Court will treat the foreclosure sale as not having occurred, since the sale was "unwound." Accordingly, Dukes's deed of trust claim is now moot.

## IV. CONCLUSION

For the reasons stated above, **IT IS ORDERED** that Shellpoint's Motion for Summary Judgment, (Dkt. 18), is **GRANTED**. Dukes's claims against Shellpoint are **DISMISSED AS MOOT**.

The Court will enter final judgment in a separate order.

**SIGNED** on June 30, 2023.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE